**Hochun LI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72230.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Margaret Perry, Esq., Margaret Taylor, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Hochun Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence the IJ's decision, *Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004), and we deny the petition.

The IJ found that Li failed to show a well-founded fear of persecution. The IJ's finding is supported by substantial evidence. Li admitted breaking the law in 1988, and the record supports the IJ's conclusion that his arrest and imprisonment were not persecution but simple prosecution. *Cf. Chanco v. INS,* 82 F.3d 298, 301 (9th Cir.1996) ("Persons avoiding lawful prosecution for common crimes are not ordinarily deemed refugees."). Li received only a blow to the hand during the 1992 political demonstration in Shanghai. The IJ concluded that this confrontation did not rise to the level of persecution, and the record does not compel us to disagree. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) (noting that persecution must be

"extreme"); *Prasad v. INS,* 47 F.3d 336 (9th Cir.1995) (finding no persecution where the applicant was briefly hit and kicked but "did not require medical treatment" and "was not charged with any crime"). Nor does the record compel the conclusion that Li is likely to face persecution upon his return to China because of his involvement in a single, small protest more than ten years ago. *See Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000).

Because Li did not demonstrate eligibility for asylum, he therefore necessarily failed to meet the more stringent evidentiary standard required for withholding of removal. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.